■ In the Matter of DAVID SCHOONMAKER et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [608 NYS2d 357] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer tax assessment imposed pursuant to Tax Law § 1402-a.

On October 7, 1988, petitioners executed a binding written contract to purchase a house from Kathryn Sargent for $1,100,000. Petitioners agreed to pay a $50,000 deposit at the signing of the contract, $280,000 upon the delivery of the deed and to provide a note secured by a purchase-money mortgage in the amount of $770,000. Petitioners obtained four extensions of the closing date while they tried to sell the house they then occupied. After the sale of that house, petitioners entered into a supplemental agreement with Sargent on August 18, 1989, in which the sale price was reduced to $1,080,000 and the amount of the mortgage was increased to $825,000. Subsequent to the closing on September 19, 1989, the Department of Taxation and Finance assessed a real estate transfer tax pursuant to Tax Law § 1402-a in the amount of $10,800. Petitioners challenged the assessment upon the ground that the conveyance was exempt from the tax under the terms of the grandfather clause contained in Laws of 1989 (ch 61, § 365 [f] [3]), which exempts those transfers made after the July 1, 1989 effective date of the statute but pursuant to a binding

written contract entered into on or before February 16, 1989. Following administrative review, the assessment was sustained. This proceeding ensued.

In our view, the determination of respondents must be confirmed. Contrary to petitioners' assertions, the supplemental agreement, extinguishing the previous obligations of the parties with regard to the essential element of consideration and replacing those obligations with new ones, was so substantial a change in the original contract as to effect a substitution of it with a new contract. Thus, the second binding written agreement took the place of the original (see, Restatement [Second] of Contracts § 279; 22 NY Jur 2d, Contracts, § 412, at 329-330; 21 NY Jur 2d, Contracts, § 23, at 437-438; 19 NY Jur 2d, Compromise, Accord and Release, § 47, at 370). We also reject petitioners' claim that respondents impermissibly applied a regulation first enacted as an emergency rule (now 20 NYCRR 575.5 [b]) on October 16, 1989 and continued until adopted as a final rule on January 10, 1990. It was reasonable and consistent with established principles of law for respondents to interpret the statute to allow for insubstantial amendments, and to view substantial amendments as creating new contracts. The regulation promulgated later as 20 NYCRR 575.5 (b) merely codified that interpretation.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.